**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAVID ALLEN DEAN,** | ) | **CASE NO. 7:20CV00299** |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | **By:  Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Respondents.** | ) | |

Petitioner David Allen Dean, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  He challenges the May 6, 2020, decision by the Virginia Department of Corrections ("VDOC")—to count his 2000 escape conviction against him in determining his security status—as a violation of VDOC policy.  Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice.

Dean is currently serving prison time related to multiple convictions under Virginia state law for bad checks, fraud, and probation violations.  His current petition is based on a March 2011 judgment by the Scott County Circuit Court in Case No. CR010000033-02, finding him guilty and sentencing him for a probation violation.  In April of 2000, Dean was convicted of a non-violent escape for walking away from an outside work detail.  For that offense, he received a five-year sentence, with four years suspended.  Since that time, he has been incarcerated and released multiple times.  The 2011 sentence at issue was imposed for a violation of the probation terms on his suspended sentence for escape.

After Dean's arrest in 2011 for the probation violation, he was held in jail, pending a VDOC administrative decision to assign him a high, medium, or low security level.  VDOC policy excludes an inmate from consideration for certain jobs if he has been convicted of an

escape offense. Once the escape offense is ten years old, however, it will no longer be counted against the inmate.

Dean hoped to obtain a job on the farm at Bland Correctional Center, open only to inmates classified as security level 1. In May of 2020, Dean was denied security level 1 status, based on VDOC officials' determination that he had an escape conviction dated March 29, 2011. Dean asserts that this decision violates VDOC policy, because his escape conviction occurred in 2000, and his conviction in May 2011 was for a probation violation. He contends that this erroneous VDOC decision is the only factor that denies him eligibility for the farm job. As relief, he asks this court to direct VDOC officials to correct this erroneous classification decision.

As an initial matter, Dean's challenge to the VDOC's execution of his Virginia state sentence is not properly presented in a § 2241 petition. "[R]egardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254." See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotation marks and citation omitted). Accordingly, the court will construe Dean's submission as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Dean fails to state facts showing that the alleged violation of VDOC policy, regarding his security level assignment or his job eligibility, has deprived him of his constitutional rights. See Sandin v. Conner, 515 U.S. 472, 486–87 (1995) (holding inmate does not have constitutional right to specific security classification or prison facility, and custodial classifications do not create major disruption in prisoner's environment); Altizer v. Paderick, 569 F.2d 812, 813 (4th

Cir. 1978) (holding prisoners do not have constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned.).

Because Dean does not state facts showing that he is being held in custody in violation of his constitutional or other federal rights, the court will summarily dismiss this action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This  29th day of May, 2020.

_____
Senior United States District Judge